# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/06/2020
CT Log Number 536924980

**TO:**   Byron L Woolley
Woolley Wilson, LLP
6440 N Central Expy Ste 505
Dallas, TX 75206-4109

**RE:**   **Process Served in California**

**FOR:**   Camp Pendleton & Quantico Housing, LLC   (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN DOE, ETC., ET AL., PLTFS. vs. CAMP PENDLETON & QUANTICO HOUSING, LLC, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Application And Order(s), Attachment |
| **COURT/AGENCY:** | San Diego County - Superior Court - Central Division, CA Case # 37201900066467CUPOCTL |
| **NATURE OF ACTION:** | Complaint For Damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/06/2020 at 12:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 CALENDAR DAYS after this summons |
| **ATTORNEY(S) / SENDER(S):** | Lenden Webb, Esq. WEBB LAW GROUP, APC 446 W. Fallbrooke Avenue, Suite 102 Fresno, CA 93711 (559) 431-4888 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780106757130 |
| | Email Notification, FELICIA ROSS  fross@lpc.com |
| | Email Notification, Rebecca Edmonds  redmonds@lpc.com |
| | Email Notification, RAY BALDWIN  rbaldwin@sbii.net |
| | CC Recipient(s) Gregory Courtwright, via Regular Mail |
| **SIGNED:** **ADDRESS:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

01/06 - 10:48am

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** <u>CAMP PENDLETON & QUANTICO HOUSING,</u>
*(AVISO AL DEMANDADO):* <u>LLC,</u> a Delaware limited liability company, LPC
PENDLETON QUANTICO PM LP, a Delaware limited partnership, LINCOLN
MILITARY PROPERTY MANAGEMENT LP, a Delaware limited partnership;
and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN DOE, and individual; JANE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DOE, an individual; JOHN
DOE 1, a minor, by and through his guardian ad litem, JANE DOE; JOHN DOE
2, a minor, by and through his guardian ad litem JANE DOE, an individual.

2019 DEC 10 ⬦ 2:52

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego<br>330 W. Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso)*<br>**37-2019-00066467-CU-PO-CTL** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Lenden F. Webb
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WEBB LAW GROUP, APC
466 W. Fallbrook Ave., Fresno, CA 93711                                                   (559) 431-4888

| DATE:<br>*(Fecha)* **2 4 DEC 2019** | Clerk, by<br>*(Secretario)* **M. Acevedo** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* Camp Pendleton & Quantico Housing, LLC<br><br>under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

 CT Corporation

**Service of Process Transmittal**
01/06/2020
CT Log Number 536924775

**TO:** Byron L Woolley
Woolley Wilson, LLP
6440 N Central Expy Ste 505
Dallas, TX 75206-4109

**RE:** **Process Served in California**

**FOR:** Lincoln Military Property Management LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN DOE, ETC., ET AL., PLTFS. vs. CAMP PENDLETON & QUANTTCO HOUSING, LLC, ETC., ET AL., DFTS. // TO: Lincoln Military Property Management LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Application And Order, Notice, Stipulation, Order |
| **COURT/AGENCY:** | San Diego County - Superior Court - Central Division, CA<br>Case # 37201900066467CUPOCTL |
| **NATURE OF ACTION:** | Complaint For Damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/06/2020 at 12:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 CALENDAR DAYS after this summons |
| **ATTORNEY(S) / SENDER(S):** | Lenden Webb, Esq.<br>WEBB LAW GROUP, APC<br>446 W. Fallbrooke Avenue, Suite 102<br>Fresno, CA 93711<br>(559) 431-4888 |
| **REMARKS:** | The document(s) received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780106757130 |
| | Email Notification,  FELICIA ROSS  fross@lpc.com |
| | Email Notification,  Rebecca Edmonds  redmonds@lpc.com |
| | Email Notification,  RAY BALDWIN  rbaldwin@sbii.net |
| | CC Recipient(s)<br>Gregory Courtwright, via Regular Mail |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
01/06/2020
CT Log Number 536924775

**TO:**   Byron L Woolley
Woolley Wilson, LLP
6440 N Central Expy Ste 505
Dallas, TX 75206-4109

**RE:**   **Process Served in California**

**FOR:**   Lincoln Military Property Management LP   (Domestic State: DE)

**For Questions:**        877-564-7529
MajorAccountTeam2@wolterskluwer.com

Page 2 of  2 / GS

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** CAMP PENDLETON & QUANTICO HOUSING,
*(AVISO AL DEMANDADO):* LLC, a Delaware limited liability company, LPC
PENDLETON QUANTICO PM LP, a Delaware limited partnership, LINCOLN
MILITARY PROPERTY MANAGEMENT LP, a Delaware limited partnership;
and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN DOE, and individual; JANE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* DOE, an individual; JOHN
DOE 1, a minor, by and through his guardian ad litem, JANE DOE; JOHN DOE
2, a minor, by and through his guardian ad litem JANE DOE, an individual.

2019 DEC 10 P 2: 52

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego<br>330 W. Broadway<br>San Diego, California 92101 | CASE NUMBER.<br>*(Número del Caso)*<br>**37-2019-00066467-CU-PO-CTL** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Lenden F. Webb
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WEBB LAW GROUP, APC
466 W. Fallbrook Ave., Fresno, CA 93711
(559) 431-4888

| DATE:<br>*(Fecha)* **2 4 DEC 2019** | Clerk, by<br>*(Secretario)* **M. Acevedo** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Lincoln Military Property Management LP

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

Lenden Webb, Esq. (236377)
Brooke Nevels, Esq. (302994)
**WEBB LAW GROUP, APC**
446 W. Fallbrooke Avenue, Suite 102,
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawgroup.com
Email: BNevels@WebbLawgroup.com

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JOHN DOE, and individual; JANE DOE, an individual; JOHN DOE 1, a minor, by and through his guardian ad litem, JANE DOE; JOHN DOE 2, a minor, by and through his guardian ad litem JANE DOE;<br><br>Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING, LLC, a Delaware limited liability company, LPC PENDLETON QUANTICO PM LP, a Delaware limited partnership, LINCOLN MILITARY PROPERTY MANAGEMENT LP, a Delaware limited partnership; and DOES 1 THROUGH 50, inclusive;<br><br>Defendants. | CASE NO. 37-2019-00066467-CU-PO-CTL<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. NEGLIGENCE**<br>**2. NUISANCE**<br>**3. CONSTRUCTIVE (WRONGFUL) EVICTION**<br>**4. NEGLIGENT MISREPRESENTATION**<br>**5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>**6. BREACH OF IMPLIED WARRANTY OF HABILITABILITY**<br>**7. BREACH OF IMPLIED COVENANT OF QUIET USE AND ENJOYMENT**<br>**8. RENT ABATEMENT**<br>**9. FRAUD – CONCEALMENT**<br>**10. GROSS NEGLIGENCE**<br>**11. PREMISES LIABILITY** |

## PARTIES

1.       Plaintiff JOHN DOE is an individual and at all times mentioned in this complaint

leased a property located at 1582 Black Eagle Dr., Apt. D, San Diego, CA 92123 ("Leased

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lenden F. Webb   SBN: 236377<br>WEBB LAW GROUP, APC<br>466 W. Fallbrook Ave., Fresno, CA 93711<br>TELEPHONE NO.:(559) 431-4888   FAX NO.:(559) 821-4500<br>ATTORNEY FOR *(Name):* John Doe | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Division

FILED

2019 DEC 10 P 2:52

CASE NAME: John Doe, et al. v. Camp Pendleton & Quantico Housing, LLC, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>37-2019-00066467-CU-PO-CTL |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action *(specify):* 11.
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2019

Lenden F. Webb
_____                                    _____
(TYPE OR PRINT NAME)                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brooke B. Nevels (SBN 302994)<br>WEBB LAW GROUP, APC<br>466 W. Fallbrook Ave. Suite 102<br>Fresno, CA 93711<br>TELEPHONE NO.: 559-431-4888     FAX NO. (Optional): 559-821-4500<br>E-MAIL ADDRESS (Optional): BNevels@WebbLawGroup.com<br>ATTORNEY FOR (Name): John Doe, et. al. | FILED<br>BUSINESS OFFICE 18<br>CENTRAL DIVISION<br><br>2019 DEC 10  P  2: 49 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
   STREET ADDRESS: 330 W. Broadway
   MAILING ADDRESS: 330 W. Broadway
   CITY AND ZIP CODE: San Diego, 92101
   BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: John Doe, et. al.

DEFENDANT/RESPONDENT: Camp Pendleton & Quantico Housing, LLC et.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>37-2019-00066467-CU-PO-CTL |
|---|---|

**NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.**

1. Applicant (name): Jane Doe      is
  a. ☑ the parent of (name): John Doe 1
  b. ☐ the guardian of (name):
  c. ☐ the conservator of (name):
  d. ☑ a party to the suit.
  e. ☐ the minor to be represented (if the minor is 14 years of age or older).
  f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
  Jane Doe (951-923-5911)
  1582 Black Eagle Drive #D
  San Diego, California 92126

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
  John Doe 1 (951-923-5911)
  1582 Black Eagle Drive #D
  San Diego, California 92126

4. The person to be represented is:
  a. ☑ a minor (date of birth): 6/5/13
  b. ☐ an incompetent person.
  c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
  a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
     John Doe 1 lived at the subject rental property in San Diego, which was rendered substandard and
     uninhabitable by Defendants' negligence and other wrongful conduct. This allowed the property to
     suffer chronic water and moisture intrusion and high humidity levels, resulting in damp rooms and
     microbial contamination/mold causing personal injuries and damages to John Doe 1
  ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: John Doe, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Camp Pendleton & Quantico Housing, LLC et. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☑ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☑ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*

Plaintiff John Doe 1 is a minor child and the appointment of a guardian ad litem is necessary to represent his interests in this action where he is a named litigant alleging multiple causes of action against multiple defendants.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related *(state relationship):* Mother
   b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*
   Although Jane Doe is John Doe 1's mother and co-plaintiff in this action, Jane doe is the only person suitable or willing to act as John Doe 1's guardian ad litem for this action. Further, Jane Doe is the only person to have actually seen the full extent of damages this has caused John Doe 1. Jane Doe hereby confirms she will act in John Doe 1's best interests in this litigation at all times, and put John Doe 1's best interests first and foremost.
   ☐ Continued on Attachment 7.

Brooke B. Nevels
_____
(TYPE OR PRINT NAME)      ►      _____
                                 (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 6, 2019

Jane Doe
_____                _____
(TYPE OR PRINT NAME)      ►                      (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 6, 2019

Jane Doe
_____                _____
(TYPE OR PRINT NAME)      ►                      (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):*
is hereby appointed as the guardian ad litem for *(name):*
for the reasons set forth in item 5 of the application.
Date:
12-19-19
                                 _____
                                 (JUDICIAL OFFICER)   RICHARD S. WHITNEY
                                 ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]      **APPLICATION AND ORDER FOR APPOINTMENT**      Page 2 of 2
                                    **OF GUARDIAN AD LITEM—CIVIL**

| CASE TITLE | CASE NUMBER |
|---|---|
| John Doe et. al. v. Camp Pendleton & Quantico Housing, LLC et. al. | |

**ATTACHMENT TO JC FORM #CIV-010 (APPLICATION FOR GUARDIAN AD LITEM – CIVIL)**

8.  I, *(name)*: Jane Doe _____, declare that I am the ☒ parent ☐ guardian ☐ conservator
    of *(name)*: John Doe 1 _____ and:

    a. I ☒ am ☐ am not asserting individual claims or defenses in these proceedings.

    b. The minor ☐ is ☒ is not the subject of a juvenile dependency proceeding.

    c. The minor ☐ is ☒ is not the subject of a probate guardianship.

    d. The minor ☐ is ☒ is not the subject of a custody order.  (If a custody order is in effect, the most recent order must be attached.)

9.  Notice of these proceedings has:

    a. ☒ been provided to all of the minor's parents.

    b. ☐ not been provided to all of the minor's parents because:

        i. ☐ I have sole legal custody of the minor identified in this application and have attached a copy of the current custody order.

        ii. ☐ the other parent is deceased.

        iii. ☐ other: _____

_____

_____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 9, 2019 _____

Jane Doe _____
Type or print name

_____
Signature

---

**ORDER  ☐ EX PARTE**

The court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010), as requested.

The court orders that *(name)*: _Jane Doe_____ is hereby appointed as the guardian ad litem for *(name)*: _John Doe 1_____ for the reasons set forth in item 5 of the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010).

Date: _12·14·19_____

_____
Judge of the Superior Court
**RICHARD S. WHITNEY**

CIV-010

| | |
|---|---|
| ATTORNEY *(Name, State Bar number, and address):* <br> Brooke B. Nevels (SBN 302994) <br> WEBB LAW GROUP, APC <br> 466 W. Fallbrook Ave. Suite 102 <br> Fresno, CA 93711 <br> TELEPHONE NO.: 559-431-4888  FAX NO. (*Optional):* 559-821-4500 <br> E-MAIL ADDRESS *(Optional):* BNevels@WebbLawGroup.com <br> ATTORNEY FOR *(Name):* John Doe, et. al. | FOR COURT USE ONLY <br> FILED <br> CLERK'S OFFICE 10 <br> CENTRAL DIVISION <br><br> 2019 DEC 10  P 2: 49 <br><br> ...... .... .. Ln |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: John Doe, et. al.

DEFENDANT/RESPONDENT: Camp Pendleton & Quantico Housing, LLC et.

| APPLICATION AND ORDER FOR APPOINTMENT <br> OF GUARDIAN AD LITEM—CIVIL <br> ☐ EX PARTE | CASE NUMBER: <br> 37-2019-00066467-CU-PO-CTL |
|---|---|

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant *(name):* Jane Doe                                                              is
   a. ☑ the parent of *(name):* John Doe 2
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☑ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Jane Doe (951-923-5911)
   1582 Black Eagle Drive #D
   San Diego, California 92126

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   John Doe 2 (951-923-5911)
   1582 Black Eagle Drive #D
   San Diego, California 92126

4. The person to be represented is:
   a. ☑ a minor *(date of birth):* 2/15/18
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      John Doe 2 lived at the subject rental property in San Diego, which was rendered substandard and uninhabitable by Defendants' negligence and other wrongful conduct. This allowed the property to suffer chronic water and moisture intrusion and high humidity levels, resulting in damp rooms and microbial contamination/mold causing personal injuries and damages to John Doe 2
   ☐ Continued on Attachment 5a.

Page 1 of 2

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: John Doe, et. al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Camp Pendleton & Quantico Housing, LLC et. | |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☑ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☑ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*

Plaintiff John Doe 2 is a minor child and the appointment of a guardian ad litem is necessary to represent his interests in this action where he is a named litigant alleging multiple causes of action against multiple defendants.

☐ Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related *(state relationship):* Mother
b. ☐ not related *(specify capacity):*

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*
Although Jane Doe is John Doe 2's mother and co-plaintiff in this action, Jane doe is the only person suitable or willing to act as John Doe 2's guardian ad litem for this action. Further, Jane Doe is the only person to have actually seen the full extent of damages this has caused John Doe 2. Jane Doe hereby confirms she will act in John Doe 1's best interests in this litigation at all times, and put John Doe 2's best interests first and foremost.
☐ Continued on Attachment 7.

Brooke B. Nevels

| Brooke B. Nevels | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF ATTORNEY) |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  December 6, 2019

| Jane Doe | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT) |

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:  December 6, 2019

| Jane Doe | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PROPOSED GUARDIAN AD LITEM) |

---

**ORDER**   ☐ **EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):*
is hereby appointed as the guardian ad litem for *(name):*
for the reasons set forth in item 5 of the application.
Date:

| | JUDICIAL OFFICER |
|---|---|
| | ☐ SIGNATURE FOLLOWS LAST ATTACHMENT |

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

| CASE TITLE | CASE NUMBER |
|---|---|
| John Doe et. al. v. Camp Pendleton & Quantico Housing, LLC et. al. | |

### ATTACHMENT TO JC FORM #CIV-010 (APPLICATION FOR GUARDIAN AD LITEM – CIVIL)

8. I, *(name)*: Jane Doe _____, declare that I am the ☒ parent ☐ guardian ☐ conservator

   of *(name)*: John Doe 2 ___ and:

   a. I ☒ am ☐ am not asserting individual claims or defenses in these proceedings.

   b. The minor ☐ is ☒ is not the subject of a juvenile dependency proceeding.

   c. The minor ☐ is ☒ is not the subject of a probate guardianship.

   d. The minor ☐ is ☒ is not the subject of a custody order. (If a custody order is in effect, the most recent order must be attached.)

9. Notice of these proceedings has:

   a. ☒ been provided to all of the minor's parents.

   b. ☐ not been provided to all of the minor's parents because:

       i. ☐ I have sole legal custody of the minor identified in this application and have attached a copy of the current custody order.

       ii. ☐ the other parent is deceased.

       iii. ☐ other: _____

   _____

   _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 9, 2019 _____

Jane Doe _____
Type or print name

                                                    Signature

---

### ORDER ☒ EX PARTE

The court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010), as requested.

The court orders that *(name)*: Jane Doe _____ is hereby appointed as the guardian ad litem for *(name)*: John Doe 2 _____ for the reasons set forth in item 5 of the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010).

Date: 12-16-19 _____

                                    Judge of the Superior Court

                                    RICHARD S. WHITNEY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S) / PETITIONER(S):     John Doe et.al.

DEFENDANT(S) / RESPONDENT(S):

DOE VS CAMP PENDLETON & QUANTICO HOUSING LLC [IMAGED]

| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2019-00066467-CU-PO-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                              Department: C-68

## COMPLAINT/PETITION FILED: 12/10/2019

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 10/16/2020 | 10:00 am | C-68 | Richard S. Whitney |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00066467-CU-PO-CTL     CASE TITLE: Doe vs Camp Pendleton & Quantico Housing LLC [IMAGE

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
      **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
      **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:          Central | |

| PLAINTIFF(S):    John Doe et.al. |
|---|

| DEFENDANT(S): |
|---|

| SHORT TITLE:    DOE VS CAMP PENDLETON & QUANTICO HOUSING LLC [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2019-00066467-CU-PO-CTL |
|---|---|

Judge: Richard S. Whitney                                      Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                         Date: _____

_____                         _____
Name of Plaintiff                                                  Name of Defendant

_____                         _____
Signature                                                              Signature

_____                         _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                         _____
Signature                                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 12/16/2019                                                JUDGE OF THE SUPERIOR COURT

Lenden F. Webb (SBN 236377)
Brooke B. Nevels (SBN 302994)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave., Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawGroup.com
Email: BNevels@WebbLawGroup.com

Attorneys for Plaintiff

FILED
SUPERIOR COURT - BUSINESS OFFICE 18
CENTRAL DIVISION

2019 DEC 10  P 2: 49

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| JOHN DOE, an individual; JANE DOE an individual; JOHN DOE 1, a minor, by and through his guardian ad litem, JANE DOE; JOHN DOE 2, a minor, by and through his guardian ad litem JANE DOE;<br><br>Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING, LLC, a Delaware limited liability company, LPC PENDLETON QUANTICO PM LP, a Delaware limited partnership, LINCOLN MILITARY PROPERTY MANAGEMENT LP, a Delaware limited partnership; and DOES 1 THROUGH 50, inclusive;<br><br>Defendants. | Case No.: 37-2019-00066467-CU-PO-CTL<br><br>**APPLICATION AND [PROPOSED] ORDER TO PROCEED UNDER PSEUDONYM** |

**TO THE HON. JUDGE OF THE SUPERIOR COURT:**

Plaintiffs JOHN DOE, JANE DOE, JOHN DOE 1, and JOHN DOE 2, by and through their attorneys of record, hereby request an application to proceed with filing of their Complaint under the pseudonyms "John Doe," "Jane Doe," "John Doe 1," and "John Doe 2" respectively, to protect them from harassment, injury, ridicule or personal embarrassment.

///

///

///

///

**APPLICATION AND [PROPOSED] ORDER TO PROCEED UNDER PSEUDONYM**
- 1 -

# I. INTRODUCTION

Plaintiff JOHN DOE is an active duty service member in the U.S. Navy. While stationed overseas, JOHN DOE's family moved into military housing provided by Defendants (*hereinafter referred to collectively as "Lincoln"*). As described in detail in the Complaint, Lincoln allowed toxic black mold to grow on the property occupied by JOHN DOE's family, which in turn lead to the exacerbation and development of serious illnesses in his children: JOHN DOE 1 and JOHN DOE 2. Plaintiffs seek to pursue the instant litigation under pseudonyms out of concerns for privacy, and out of a legitimate fear of retaliation.

First, JOHN DOE 1 and JOHN DOE 2 are minors and are therefore entitled to a higher standard of privacy.

Second, JOHN DOE 1 has suffered serious injuries, including an exacerbation of symptoms relating to an extremely sensitive mental health issue that ought not be revealed in public records – especially considering his age. Revelation of these issues in public records could have a ripple effect that impacts JOHN DOE 1 for the rest of his life, especially given how ubiquitous information is in the digital age. One can easily imagine future partners or employers discovering this sensitive information. JOHN DOE 1 should not be prejudiced in his ability to bring suit out of this serious concern for his privacy and future.

Third, revelation of JOHN DOE and JANE DOE's names in the public record would necessarily reveal the identities of their children. This is especially true given JANE DOE's unique name and spelling.

Fourth, JOHN DOE works for the U.S. military. Lincoln, the Defendants in this matter, are a well-known, and major military contractor that operates in eleven (11) states. A lawsuit of this nature could have a practical impact on JOHN DOE's career and ability to provide for his family. Further, a lawsuit of this nature could lead to retaliatory conduct.

///

///

///

///

**APPLICATION AND [PROPOSED] ORDER TO PROCEED UNDER PSEUDONYM**
- 2 -

Given the extremely sensitive nature of the instant case, the age of Plaintiffs to the case, and this risk to Plaintiff JOHN DOE's career, Plaintiffs should be granted leave to pursue the instant litigation under pseudonyms.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

California Code of Civil Procedure ("CCP") 367 provides that "very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." However, Courts have interpreted Section 367 to mean that a lawsuit must be brought on behalf of a person having legal standing to commence the action, and not to control whether or not a pseudonym is appropriate in a given case. *Doe v. Lincoln Unified Sch. Dist.*, No. C062554, 2010 Cal. App. LEXIS 1505, at *8-9 (Cal. Ct. App. Aug. 30, 2010).

California courts have allowed plaintiffs to proceed with a pseudonym in a variety of cases. California statutory law specifically allows a party to bring a lawsuit using a pseudonym in specific circumstances. Additionally, plaintiffs can also proceed pseudonymously on common law claims. The use of "Doe plaintiffs" to protect legitimate privacy rights has been recognized as an appropriate practice in circumstances when a plaintiff would be further stigmatized by disclosing his or her name in court documents. *See Starbucks Corp. v. Superior Court*, 86 Cal. Rprtr. 3d 482, 495 n.7 (Cal. Ct. App. 2008) (noting that this practice "has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the [internet.]" This is particularly appropriate where the facts of the case involve minors. *See, e.g: Cal. Rules of Court Rule 8.401; Doe v. Bakersfield City School Dist.*, 39 Cal. Rptr. 3d 79 (2006); *Doe v. Roman Catholic Bishop of San Diego*, 101 Cal. Rptr. 3d 398 (2009).

As mentioned above, given the highly sensitive nature of the allegations in the Complaint, suing under a pseudonym will protect Plaintiffs' privacy interest. The allegations raised in the Complaint are of such personal nature that the privacy of Plaintiff outweigh the public's interest in discovery of Plaintiffs' true identity.

///

///

///

APPLICATION AND [PROPOSED] ORDER TO PROCEED UNDER PSEUDONYM
- 3 -

## III.CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this court grant this application and allow for Plaintiffs to proceed with filing under the pseudonyms "John Doe," "Jane Doe," "John Doe 1," and "John Doe 2."

Dated: December 6, 2019

**WEBB LAW GROUP, APC**

By _____

Lenden F. Webb
Brooke B. Nevels
Attorneys for Plaintiff,
John Doe, Jane Doe, John Doe 1, and
John Doe 2

APPLICATION AND ~~[PROPOSED]~~ ORDER TO PROCEED UNDER PSEUDONYM
- 4 -

[PROPOSED] ORDER

For good cause shown, the Court finds that Plaintiffs' privacy concerns outweigh the public interest in the disclosure of her true identity and, therefore, Plaintiff may proceed with filing under a Pseudonym "John Doe," "Jane Doe," "John Doe 1," and "John Doe 2."

IT IS SO ORDERED.

Date: _Dec 10, 2019_

Judge of the Superior Court

Eddie C. Sturgeon

# EXHIBIT B

Lenden Webb, Esq. (236377)
Brooke Nevels, Esq. (302994)
**WEBB LAW GROUP, APC**
446 W. Fallbrooke Avenue, Suite 102,
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WebbLawgroup.com
Email: BNevels@WebbLawgroup.com

Attorneys for Plaintiff

FILED
BUSINESS OFFICE 18
CENTRAL DIVISION

2019 DEC 10 P 2: 49

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

| | |
|---|---|
| JOHN DOE, and individual; JANE DOE, an individual; JOHN DOE 1, a minor, by and through his guardian ad litem, JANE DOE; JOHN DOE 2, a minor, by and through his guardian ad litem JANE DOE; <br><br> Plaintiffs, <br><br> v. <br><br> CAMP PENDLETON & QUANTICO HOUSING, LLC, a Delaware limited liability company, LPC PENDLETON QUANTICO PM LP, a Delaware limited partnership, LINCOLN MILITARY PROPERTY MANAGEMENT LP, a Delaware limited partnership; and DOES 1 THROUGH 50, inclusive; <br><br> Defendants. | CASE NO. **37-2019-00066467-CU-PO-CTL** <br><br> **COMPLAINT FOR DAMAGES:** <br><br> **1. NEGLIGENCE** <br> **2. NUISANCE** <br> **3. CONSTRUCTIVE (WRONGFUL) EVICTION** <br> **4. NEGLIGENT MISREPRESENTATION** <br> **5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br> **6. BREACH OF IMPLIED WARRANTY OF HABILITABILITY** <br> **7. BREACH OF IMPLIED COVENANT OF QUIET USE AND ENJOYMENT** <br> **8. RENT ABATEMENT** <br> **9. FRAUD – CONCEALMENT** <br> **10. GROSS NEGLIGENCE** <br> **11. PREMISES LIABILITY** |

**PARTIES**

1.      Plaintiff JOHN DOE is an individual and at all times mentioned in this complaint leased a property located at 1582 Black Eagle Dr., Apt. D, San Diego, CA 92123 ("Leased

**COMPLAINT**
- 1 -

*WEBB LAW GROUP, APC*
*466 West Fallbrook Avenue, Suite 102*
*Fresno, California 93711*

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1  Property"). JOHN DOE was a resident of San Diego, CA and resided at the Leased Property at all

2  times mentioned in this complaint, other than when JOHN DOE served abroad in the U.S. military.

3       2.    Plaintiff JANE DOE is an individual and at all times mentioned in this complaint

4  was a resident of San Diego County, California and resided at the Leased Property.

5       3.    Plaintiff JOHN DOE 1, a minor, by and through his guardian ad litem, JANE DOE

6  is an individual and at all times mentioned in this complaint was a resident of San Diego County,

7  California and resided at the Leased Property.

8       4.    Plaintiff JOHN DOE 2, a minor, by and through his guardian ad litem, JANE DOE

9  is an individual and at all times mentioned in this complaint was a resident of San Diego County,

10  California and resided at the Leased Property.

11       5.    Plaintiffs JOHN DOE, JANE DOE, JOHN DOE 1, and JOHN DOE 2 are suing

12  under pseudonyms in order to protect their privacy.

13       6.    Plaintiffs are informed and believe and thereon allege that Defendant CAMP

14  PENDLETON & QUANTICO HOUSING, LLC, a Delaware limited liability company,

15  hereinafter "CPQH," at all relevant times was and is a foreign limited liability company registered

16  and authorized to do business, and was and is doing business, in the State of California, and

17  participated in the ownership, management, leasing, maintenance, and/or attempted and negligent

18  repair of the Leased Property.  Plaintiffs are informed and believe and thereon allege that at all

19  relevant times CPQH was the owner, landlord, and/or lessor of the Leased Property.

20       7.    Plaintiffs are informed and believe and thereon allege that Defendant LPC

21  PENDLETON QUANTICO PM LP, a Delaware limited partnership, hereinafter "LPC

22  PENDLETON," at all relevant times was and is a foreign limited partnership registered and

23  authorized to do business, and was and is doing business, in the State of California, and participated

24  in the ownership, management, leasing, maintenance, and/or attempted and negligent repair of the

25  Leased Property.  Plaintiffs are informed and believe and thereon allege that at all relevant times

26  LPC PENDLETON was the agent for CPQH with respect to ownership, management, leasing,

27  maintenance, and/or attempted and negligent repair Leased Property.

28

8.      Plaintiffs are informed and believe and thereon allege that Defendant LINCOLN MILITARY PROPERTY MANAGEMENT LP, a Delaware limited partnership, hereinafter "LINCOLN MILITARY HOUSING," at all relevant times was and is a foreign limited partnership registered and authorized to do business, and was and is doing business, in the State of California, and participated in the ownership, management, leasing, maintenance, and/or attempted and negligent repair of the Leased Property. Plaintiffs are informed and believe and thereon allege that at all relevant times LINCOLN MILITARY HOUSING was the agent for CPQH with respect to ownership, management, leasing, maintenance, and/or attempted and negligent repair Leased Property.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants designated as DOES 1 THROUGH 50 inclusive are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this complaint to set forth such Defendants' true names and capacities, together with the appropriate charging allegations, when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that Defendants DOES 1 THROUGH 50, inclusive, were and are qualified to do business in the State of California and are responsible to Plaintiff thus far on the facts and theories herein alleged.

10.     Plaintiffs are informed and believe and based thereon allege allege that each Defendant and each Defendant sued as DOE Defendants, was acting for itself or as an agent, servant, partner, employee, or on behalf of a co-Defendant, in doing the things mentioned and alleged in this complaint and was acting in the scope of his or her authority as such an agent, servant, partner, employee, or co-Defendants or otherwise with the permission and consent of his or her co-Defendants.

11.     The lease agreement mentioned in this Complaint was entered into and to be performed in the City of San Diego, County of San Diego, State of California, and the Plaintiffs and Defendants at all times relevant herein reside and/or resided and/or are located and performed significant business in the County of San Diego, State of California.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**FACTUAL ALLEGATIONS**

12.     Plaintiffs lived at and occupied the Leased Property as tenants during the period January 1, 2019 to October 29, 2019.

13.     Plaintiffs entered into lease agreement Defendants on or around January 1, 2019.

14.     JOHN DOE was, and continues to be, an active duty service member stationed at MCAS Miramar.

15.     On January 18, 2019, Plaintiffs JANE DOE, JOHN DOE 1, and JOHN DOE 2 moved into the Leased Property and immediately noticed a strong oder of mildew emanating from the entirety of the house, and noticed that the air in the house felt heavy, damp, and humid.

16.     During the first few days of the lease, Plaintiffs JANE DOE, JOHN DOE 1, and JOHN DOE 2 continued to sense the strong scent of mildew, and noticed that any biomass on the Lased Property, such as fruit, plants, and the family's aquarium, became moldy at an alarming rate. Fresh fruit left on countertops in the kitchen would turn moldy overnight.

17.     JANE DOE immediately notified Defendants' designated housing representative of these issues: within the first week of moving into the home.

18.     Instead of offering to remediate the issue, Defendants' designated housing representative told Plaintiffs that they had to purchase, and bear the cost of, a de-humidifier in order to solve the problem.

19.     Plaintiffs purchased the de-humidifier and began using it immediately. On average, the de-humidifier pulled six (6) cups of water from the air within the house on a daily basis. On information and belief, this amount is high given the temperate climate and low average humidity of San Diego, California.

20.     JANE DOE noticed that water would consistently leak into the house from the windows.

21.     So much water entered the house that the carpets, especially the carpeting in the master bedroom, were consistently soaked with water.

22.     Plaintiffs were forced to air dry their mattress on a daily basis because the water from the damp carpet would seep into the mattress each night.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

23.     After just two (2) weeks of residing on the Leased Property, JOHN DOE 1 and JOHN DOE 2 began to exhibit signs of severe illness. Within just two (2) weeks on the Leased Property, JOHN DOE 1 and JOHN DOE 2 had developed wet coughs, eye infections, sinus infections, lethargy, and shortness of breath.

24.     Approximately two (2) weeks into the lease on the Leased Property, JANE DOE noticed black mold growing around the frame of the master bedroom window.

25.     Immediately after noticing the black mold for the first time, JANE DOE contacted Defendants' designated housing representative to inform Defendants of the presence of black mold and the ongoing issues with leaks, humidity, and mildew.

26.     Defendants' representative informed JANE DOE that Defendants "don't clean mold or treat it" and was told to purchase mold spray and clean it up herself.

27.     On information and belief, Defendants knew that cleaning mold without proper equipment could lead to the spread of toxic airborne spores, and knew that Plaintiffs – including two children – resided at the property. Yet, despite understanding this to be the case, Defendants still refused to take any action.

28.     Between January 2019 and April 2019 Defendants did not even bother to inspect the property or look into the reported issues.

29.     On information and belief, between January 2019 and April 2019 the mold spread to the walls in the Leased Property and underneath the carpet of the Leased Property.

30.     In April 2019, Plaintiff JOHN DOE returned to San Diego from a military deployment overseas.

31.     Within a few days of returning from overseas, JOHN DOE noticed the severe issues that existed on the Leased Property, and contacted Defendants' designated housing representative to lodge yet another complaint.

32.     In response to Plaintiff JOHN DOE's complaint in April, Defendants sent the regional manager of the housing complex to the Leased Property to investigate Plaintiffs' claims.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

COMPLAINT
- 5 -

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

33.     On information and belief, Defendants' regional manager entered Plaintiffs' home in April 2019 and instead of conducting sampling or inspecting the premises, simply stated that he "could smell mold" and that no mold was in the Leased Property because he "couldn't smell any."

34.     At the time of the April inspection, Defendants were aware of the ongoing issues on the Leased Property, were aware that JOHN DOE 1 had to miss school and therapies due to illness, were aware that JOHN DOE 2 had suffered from the same illnesses as JOHN DOE 1, were aware of the mold that killed Plaintiffs' plants and pet fish, and were aware of the mold that continued to cause mold to grow rapidly on Plaintiffs' groceries.

35.     During the April inspection, Defendants' regional manager stated that the multitude of health issues Plaintiffs experienced could simply be due to the fact that Plaintiffs moved into a "new house".

36.     On or around September 1, 2019, Defendants informed Plaintiffs that they needed to replace the window in the master bedroom that had become infested with black mold.

37.     On September 6, 2019 Defendants informed Plaintiffs that they needed to move out of the Leased Property and into a hotel for the duration of the maintenance to the window.

38.     On September 16, 2019 Plaintiffs were moved out of the Leased Property into a hotel.

39.     On two separate occasions in September 2019 Plaintiffs were informed that their stay in the hotel would need to be extended and that they could not return home, despite the fact that Plaintiffs were told the only repair to be done in the Leased Property was a replacement of a single window.

40.     On October 4, 2019, Plaintiffs were once again told that they needed to remain in a hotel for longer and could not return to the Leased Property.

41.     On October 4, 2019 Plaintiffs were also informed that they needed to change hotels, and that they needed to check out of the hotel they had been staying in, and check into a new one on that very same day.

42.     From October 4, 2019 to October 8, 2019 Plaintiffs were forced to stay in a hotel room on a military base where the walls, ceiling, and carpet was caked with chemical cleaners and

1    sprays. JOHN DOE 1 and JOHN DOE 2 broke out in severe rashes as a result of contact with these

2    dangerous chemicals.

3        43.    On October 8, 2019 Plaintiffs were finally allowed back onto the Leased Property,

4    however, Defendants had changed the locks on the Leased Property and Defendants refused to let

5    Plaintiffs into their own home.

6        44.    By October 9, 2019 Plaintiffs were finally able to enter their home, and noticed that

7    the extent of repairs and alterations on the Leased Property far exceeded simply replacing a

8    window.

9        45.    The Leased property had torn vinyl, paint on the carpets, caulk chips scattered

10    throughout the home, cracks and paint chips in the bathtub, and dust and caulk residue in the air

11    that clung to Plaintiffs' clothing.

12        46.    A few days after returning to the Leased Property in October 2019, JOHN DOE 1

13    began developing dry skin and severe rashes.

14        47.    A few days after returning to the Leased Property in October 2019, JOHN DOE 2's

15    eyes became swollen shut.

16        48.    From January 1, 2019 to the present, Plaintiffs have been forced to bring JOHN

17    DOE 1 and JOHN DOE 2 to the Emergency Room at Rady Children's Hospital three (3) times as

18    a result of JOHN DOE 1 and JOHN DOE 2's exposure to toxic mold and other unlivable conditions

19    due to Defendants' conduct.

20        49.    JOHN DOE 1 was forced to miss over four (4) weeks of school due to illnesses

21    caused by Defendants' conduct, and Plaintiffs were ultimately forced to pull JOHN DOE 1 out of

22    school.

23        50.    Additionally, the horrible living conditions imposed on Plaintiffs by Defendants

24    caused a severe exacerbation of JOHN DOE 1's preexisting condition of autism, and has caused a

25    clear regression in JOHN DOE 1's behavioral and speech therapy.

26        51.    JOHN DOE 1 attends approximately forty-five (45) hours of crucial behavioral and

27    speech therapy per week, and has been forced to miss a large number of sessions during a crucial

28    learning-period as a result of Defendants' conduct.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**COMPLAINT**
- 7 -

**FIRST CAUSE OF ACTION**

**Negligence**

**(By All Plaintiffs Against All Defendants and Does 1-50)**

52. Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

53. At all times mentioned in this complaint, Defendants were engaged in the business of owning, leasing, renting, operating, providing, supervising, maintaining, managing, constructing, inspecting, and/or repairing the Leased Property before, during and after Plaintiffs' tenancy.

54. At all times relevant herein, Defendants owed a non-delegable duty of care to Plaintiffs under the common law and as specified in Civil Code 1714 to exercise due care in the ownership, leasing, operating, maintenance, construction, and management of the Leased Property to avoid foreseeable injury to others. Such due care required Defendants to comply with all building, housing, plumbing, electrical, health and safety codes, civil codes, and other ordinances, statutes, regulations and laws regarding the maintenance and operation of residential rental housing.

55. Under the provisions of Civil Code Section 1941, 1941.1, et seq., Health and Safety Codes (including but not limited to California Health and Safety Code Section 17920.3), and applicable building, plumbing, electrical and housing Codes, Defendants and Does 1- 50 were required to put the rented Leased Property in a habitable condition fit for human occupation before renting and to keep and maintain the Leased Property in such condition and to repair all subsequent dilapidations that rendered the Leased Property untenantable.

56. At all times mentioned in this Complaint, Defendants had a duty to Plaintiffs to properly and safely own, lease, rent, operate, provide, supervise, maintain, manage, construct, inspect, and repair the Leased Property so as to make it habitable, safe, and hazard-free, enabling tenants, including Plaintiffs, to quietly enjoy the Leased Property.

57. At all times mentioned in this Complaint, Defendants had a duty to Plaintiffs to use ordinary care for the preservation of the Leased Property and to maintain it in good repair, to repair

1   all deteriorations or injuries to the Leased Property caused by their want of ordinary care and to

2   avoid intentional or reckless damage, destruction, demolition, or deterioration to the Leased

3   Property, its fixtures, components, systems and/or structures.

4        58.    At all times mentioned in this Complaint, Defendants owed Plaintiffs a legal duty

5   to exercise reasonable care to ensure that such space was safe to occupy, and that Plaintiffs'

6   occupancy of such space would not result in exposure to anything that would negatively affect

7   Plaintiffs' health, including but not limited to excess moisture, water damage, and/or microbial

8   contamination.

9        59.    At all times mentioned in this complaint, Defendants had a duty to Plaintiffs to

10   properly and safely repair, construct, demolish, remove, refurbish, remodel, restore,

11   remediate, and ·clean the Leased Property and its building materials, so as to maintain the

12   Leased Property in a habitable, safe, and hazard-free condition.

13        60.    Plaintiffs are informed and believe and on that basis allege that Defendants knew

14   or should have known at all times relevant to this Complaint that the Leased Property suffered

15   from water damage, moisture damage, excessive moisture and humidity, and microbial

16   contamination, rendering the Leased Property substandard and untenantable as alleged herein.

17        61.    At the time Defendants and Does 1-50 rented the Leased Property to Plaintiffs, and

18   thereafter, Defendants and Does 1-50 so negligently owned, leased, rented, operated, managed,

19   maintained, and repaired the Leased Property so as to cause it to be uninhabitable and unfit,

20   unhealthy, and unsafe for human occupation in that the Leased Property suffered from design and

21   construction defects and deficiencies, causing and allowing water and moisture intrusion into the

22   living spaces of the Leased Property, causing and allowing the Leased Property to become

23   contaminated with excess moisture and humidity and microbial growth, and otherwise failed to

24   comply with those applicable housing, plumbing and building codes, Civil Codes, Health and

25   Safety Codes, Federal and State Regulation concerning residential rental properties, including but

26   not limited to Sections 1714 and 1941 et seq., which materially affect the health and safety of the

27   Plaintiffs as tenants and their invited guests.

28        62.    Defendants negligently failed to exercise the due care owed to Plaintiffs in owning,

**COMPLAINT**
- 9 -

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1   leasing, maintaining, operating, and repairing and overseeing the Leased Property, as alleged
2   herein, and furthermore have caused and/or failed to remediate damage and deterioration to the
3   Leased Property, components, systems, materials, structures, and fixtures therein, among other
4   items as already alleged herein.

5       63.     Defendants breached their legal duty to Plaintiffs by negligently, improperly,
6   recklessly and in a non-controlled manner, exposing Plaintiffs to excessive moisture, dampness,
7   and humidity, as well as microbial contamination, while Plaintiffs were living in the Leased
8   Property, as alleged herein. Such breach was a legal and proximate cause of damage to Plaintiffs
9   as alleged herein.

10      64.     Defendants further breached their legal duties to Plaintiffs because they improperly,
11  negligently, carelessly and in a reckless disregard for Plaintiffs' safety and rights, disturbed and/or
12  caused to be disturbed microbial growth and contamination at the Leased Property, in such a
13  manner so as to expose Plaintiffs to such contamination and cause injury to Plaintiffs and did so
14  by failing to exercise due care.

15      65.     Defendants further breached their duties of care to Plaintiffs and negligently
16  caused Plaintiffs to be injured by Defendants' tortious acts, omissions and conduct, by the
17  following conduct:

18          a.      The failure to provide Plaintiffs with a reasonably safe and habitable
19  premises in which to live;

20          b.      The failure to take reasonable general precautions to prevent injury to
21  Plaintiffs;

22          c.      The failure to provide, recommend, or require containment, protective
23  clothing, hoods, respirators, ventilators or other apparatus for the protection of Plaintiffs;

24          d.      By negligently and recklessly renting and maintaining the premises as set
25  forth above and as defined by, but not limited to, Civil Code 1714 et seq.; negligently and
26  recklessly violating the applicable building, health and safety codes, ordinances, statutes and laws;
27  and negligently failing to correct such unlawful conditions so as to make the premises fit for human
28  habitation;

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

e.       The failure to cure defects and deficiencies in the Leased Property which were known or should have been known, which led to increased moisture, odors, and pervasive microbial growth and. contamination in and around the interior living spaces of the Leased Property;

f.       The failure to comply with all applicable building, health & safety, housing, plumbing, and civil codes, as well as other applicable laws, codes, regulations, and ordinances for rental properties concerning the tenants' health and safety;

g.       The failure to consult, read and utilize current literature regarding microbial contamination, indoor air quality and "sick building syndrome" and other materials, including those produced by the EPA and federal and state agencies for landlords, residential building owners and managers; and

h.       The failure to conduct adequate maintenance, repair and inspection, including failing to remedy known building code violations such as leaks, excess moisture, and microbial contamination, and others as alleged herein.

66.       The active negligence and failures to abide by applicable standards of care by Defendants constitutes negligence per se because of violations of applicable statutes, codes, and ordinances which led to injury of foreseeable parties intended to be protected by such codes, ordinances and statutes, including Plaintiffs.

67.       As a direct and proximate result of Defendants' and Does 1-50 negligence as alleged above, the Leased Property was in disrepair and not maintained, so as to be uninhabitable and unfit for human occupation in that, among other things, Defendants and Does 1-50, and each of them, carelessly and negligently failed to investigate, remediate, and maintain in good repair the building components, and as a proximate result caused and allowed to exist water/moisture intrusion into living spaces causing microbial growth and indoor air contamination. None of these conditions were known to Plaintiff at the time they moved into the premises.

68.       As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiffs sustained injury to their health and strength and to their bodies as alleged herein, have

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1   suffered severe resulting distress, anxiety, worry, and frustration, and incurred medical expenses

2   in the treatment thereof, all in an amount to be proven at trial.

3        69.    As a direct and proximate result of the above-described conduct and omissions of

4   Defendants, Plaintiffs have suffered damage to their respiratory systems, conscious pain, suffering

5   and emotional distress, in a sum to be determined according to proof at trial.

6        70.    As a further direct and proximate result of the tortious acts, omissions and conduct

7   of Defendants, Plaintiffs have sustained, and/or are certain in the future to sustain, losses, injuries

8   and damages as follows:

9              a.   Expenditures for past, present and future medical services and other curative

10                 treatment and items in connection with the care of Plaintiffs' injuries, including

11                 costs of insurance, in a sum to be determined according to proof at trial; and

12             b.   Expenditures for the replacement or cleaning of all Plaintiffs' personal property

13                 and belongings within the Leased Property.

14       71.    As a further direct and proximate result of Defendants' negligent and wrongful

15   conduct and omissions as alleged herein, Plaintiffs have suffered mental stress, emotional distress,

16   discomfort, annoyance, anxiety, physical injuries, illness, pain and suffering, property damage and

17   lost income; all to their general and specific damage in an amount to be determined at trial but

18   which amount is within the jurisdictional requirements of this Court.

19       72.    As a further proximate result of Defendants' and Does 1-50's negligence, Plaintiffs

20   suffered property damage and economic loss including, but not limited to, loss of use of the Leased

21   Property; loss of use of personal property items (furnishings, clothes, bedding, and other household

22   items and life necessities); as well as moving expenses; lost rental payments; alternative housing

23   costs, including but not limited to costs to locate a suitable alternative rental property and a security

24   deposit for an alternative rental property; cleaning expenses and loss of income; all to their further

25   damage in an amount to be proven at trial.

26       73.    It is further alleged that Defendants and Does 1-50 failed to properly investigate,

27   repair, remediate and restore the Leased Property, to place the Leased Property into a habitable,

28

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

COMPLAINT
- 12 -

1   safe building condition and Plaintiffs relied upon Defendants' implied representations of
2   habitability to their respective detriment, injury, and damage.

3       74.     Plaintiffs are entitled to recover their attorney's fees under the subject lease
4   agreement entered into between the parties. Plaintiffs have hired a law office to prosecute their
5   claims and are entitled to their attorneys' fees and costs after trial in this matter.

6                              SECOND CAUSE OF ACTION

7                                         Nuisance

8                   (By All Plaintiffs against All Defendants and Does 1-50)

9       75.     Plaintiffs re-allege and incorporate herein and by reference each and every previous
10  and subsequent allegation as though fully set forth herein.

11      76.     The defective and dangerous conditions of the Subject Property as alleged in this
12  Complaint constitute a nuisance within the meaning of California Civil Code Section 3479 and
13  California Code of Civil Procedure Section 731 in that they deprived Plaintiffs of the safe, healthy,
14  and comfortable use of the Subject Property and in that said conditions were injurious to the health
15  and welfare of Plaintiffs and/or Plaintiffs' property, and that the conditions and/or injuries created
16  a substantial and unreasonable interference with Plaintiffs' peaceful and quiet enjoyment of their
17  home.

18      77.     Plaintiffs are informed and believe, and based thereon allege, that Defendants, and
19  each of them, by their acts, conduct, failure to act, and/or omissions, created, maintained,
20  exacerbated, and concealed a nuisance and did not take any reasonable steps to immediately abate
21  said nuisance, although requested to do so.

22      78.     As a proximate result of Defendants maintenance of the nuisance, Plaintiffs
23  suffered discomfort and annoyance, all to their general damage, in an amount to be proven at trial.

24      79.     As a further proximate result of Defendants' conduct, Plaintiffs suffered property
25  damage and economic loss including, but not limited to, loss of use of the Subject Property, loss
26  of use of personal property (furnishings, clothes, bedding, and other household items and life
27  necessities), as well as moving expenses; lost rental payments; alternative housing costs, including
28  but not limited to costs to locate a suitable alternative rental property and a security deposit for an

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1    alternative rental property; cleaning expenses and loss of income; all to their further damage in an
2    amount to be proven at trial.

3        80.    In maintaining the nuisance, Defendants acted with full knowledge of the
4    foreseeable consequences thereof and of the damage being caused to Plaintiffs. Despite this
5    knowledge Defendants failed to abate the nuisance by repairing the uninhabitable, defective, and
6    dangerous conditions of the subject property.

7        81.    As a result of Defendants' conduct, Plaintiffs have been, and continue to be, subject
8    to physical injuries, including but not limited to those alleged herein, which are seriously damaging
9    their health and destroying their quality of life in amount not ascertainable at this time but which
10   will be proven at the time of trial.

11       82.    As a direct and proximate result of Defendants' conduct, Plaintiffs – not least of all
12   MASON – have suffered damage to respiratory systems, mental anguish, conscious pain, suffering
13   and emotional distress, emotional distress, discomfort, annoyance, anxiety, physical injuries,
14   illness, property damage, lost income, and other forms of general and specific damage in an amount
15   to be determined at trial but which amount is within the jurisdictional requirements of this Court.

16                   **THIRD CAUSE OF ACTION**
17                   **Constructive (Wrongful) Eviction**
18         **(By All Plaintiffs Against All Defendants and Does 1-50)**

19       83.    Plaintiffs re-allege and incorporate herein and by reference each and every previous
20   and subsequent allegation as though fully set forth herein.

21       84.    As a proximate result of Defendants' failure to maintain the Subject Property in a
22   habitable and tenantable condition that complied with applicable state, federal and local building
23   and housing codes, and Defendants' failure to maintain the Subject Property in a condition fit for
24   human occupation, Defendants breached their covenant of the quiet use and enjoyment to Plaintiffs
25   and Plaintiffs were required and forced to vacate the Subject Property and did so on or about
26   October 29, 2019 constituting a constructive and wrongful eviction.

27
28

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

85.     Defendants' constructive eviction of Plaintiffs on October 29, 2019 entitled Plaintiffs to immediately terminate their tenancy and Plaintiffs' obligations under the rental agreement were extinguished. *See e.g. Green v. Superior Court* (1974) 10 Cal. 3d 616, 639.

86.     As a proximate result of Defendants' conduct, as alleged in this Complaint, Plaintiffs suffered a host of general and specific damages in an amount to be proven at trial (including but not limited to: physical injury, mental anguish, emotional damage, psychological injury, lost wages, lost rent, loss of personal property, pain and suffering, moving expenses, housing costs).

87.     Plaintiffs have been, and continue to be, subject to physical injuries which are seriously damaging their health and destroying their quality of life in an amount not ascertainable at this time but which will be proven at the time of trial.

88.     Defendants acted fraudulently, intentionally, willfully, retaliatorily, oppressively, and willfully with a conscious disregard for Plaintiffs' safety and rights. Such action justifies an award of punitive and exemplary damages under California Civil Code Section 3294.

**FOURTH CAUSE OF ACTION**

**Negligent Misrepresentation**

**(By All Plaintiffs Against All Defendants and Does 1-50)**

89.     Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

90.     Defendants had a duty to Plaintiffs to assure that any representations affirmatively made to Plaintiffs regarding the Subject Property were true.

91.     On multiple occasions as described in this Complaint, Defendants represented to Plaintiffs that they would remediate the excessive moisture and humidity levels, leaks, and microbial contamination and/or that such conditions were not problematic or dangerous.

92.     Defendants' regional manager told Plaintiffs that no mold or microbial contamination existed on the Leased Property because Defendants' regional manager could not smell any mold.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1      93.     Defendants told Plaintiffs that they wanted to replace a window on the property,

2  and instead underwent a massive series of repairs purportedly to fix the mold, moisture, and leaks.

3  This demonstrated that Defendants knew of the mold issues, knew they had to fix the mold issues,

4  but that they did not want to reveal to Plaintiffs the existence of the issues with the property or the

5  risks the mold could pose for Plaintiffs' health.

6      94.     In making the affirmative misrepresentations of material fact as described herein,

7  even if Defendants believed them to be true at the time made, they made such statements and

8  misrepresentations without any reasonable basis for believing them to be true and should have

9  known them to be false. Defendants had no reasonable grounds for believing their representations

10  to Plaintiffs were true at the time they made them.

11      95.     Defendants made the affirmative misrepresentations and statements of material fact

12  about the Subject Property as described herein with the intent to induce Plaintiffs to rely on them

13  and with the intent to induce Plaintiffs to remain residing in the Subject Property, not cancel the

14  lease, and continue to pay monthly rent.

15      96.     Plaintiffs reasonably and justifiably relied on Defendants misrepresentations to

16  Plaintiffs detriment, injury, and damage.

17      97.     As a direct and proximate result of such negligent misrepresentations by

18  Defendants, and Plaintiffs' reasonable reliance thereon, Plaintiffs remained residing and

19  occupying the Subject Property, which contained extensive damage and contamination and posed

20  a significant health risk to Plaintiffs. Plaintiffs justifiably believed no health risk existed based on

21  Defendants' affirmative representations, including but not limited to water leaks, moisture, and

22  microbial contamination from identified and/or unidentified sources. These conditions and the

23  above-described actions of Defendants has caused Plaintiffs significant economic and non-

24  economic damage in an amount according to proof at trial.

25                              **FIFTH CAUSE OF ACTION**

26                          **Negligent Infliction of Emotional Distress**

27                  **(By All Plaintiffs Against Defendants and DOES 1-50)**

28

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

98.     Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

99.     Defendants and Plaintiffs had a special landlord/tenant relationship during the period of Plaintiffs' tenancy at the Subject Property.

100.    Defendants knew, or in the exercise of reasonable care should have known, that by failing to maintain the Subject Property, Plaintiffs would be exposed to harmful levels or microbial contamination, including harmful indoor air quality, as alleged herein. Defendants further knew, or in the exercise of reasonable care should have known, that Plaintiffs would suffer physical harm and severe emotional distress upon learning of this exposure.

101.    Despite their knowledge that the Subject Property was deficient and substandard, Defendants nevertheless – in a willful, wanton, negligent, reckless, unlawful, and careless manner – and in violation of State and other applicable laws, failed to property investigate, inspect, test, maintain, repair, and remediate the Subject Property so as to avoid the foreseeable harm to Plaintiffs.

102.    As a result of Plaintiffs' exposure to toxic microbial contamination caused by excessive moisture levels, leaks, and dampness on the property, Plaintiffs sought medical evaluations and treatments from their doctor.

103.    Plaintiffs have suffered severe and substantial emotional distress, worry, anxiety, loss of sleep, frustration, and pain and suffering as a result of the exposure to toxic mold, and as a result of the physical and psychological impact such exposure has had on MASON and JACOB.

104.    As a direct and proximate result of Defendants' breaches alleged herein, Plaintiffs sustained injury to their health and strength, have suffered severe, substantial, enduring, serious emotional distress, and have incurred medical expenses in the treatment thereof all in an amount to be proven at trial.

///

///

///

///

COMPLAINT
- 17 -

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

### SIXTH CAUSE OF ACTION

### Breach of Implied Warranty of Habitability

#### (By All Plaintiffs Against All Defendants and Does 1-50)

105.    Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

106.    As previously described in this Complaint, Plaintiffs are informed and believe, and based thereon allege, that at all relevant times and/or potions thereof, Defendants were owners, landlord, and/or lessors of the Subject Property and/or authorized agents of the owners, landlords, and/or lessors of the Subject Property and responsible for the proper management, maintenance and/or repair of the Subject Property.

107.    Plaintiffs entered into a written lease with Defendants. Under the rental agreement Plaintiffs paid rent, a security deposit, and other fees and costs. A copy of the Lease is attached as Exhibit 1 hereto.

108.    The rental agreement expressly acknowledges that the residential use of the Subject Property was for Plaintiffs.

109.    Defendants impliedly warranted to Plaintiffs that the Subject Property was habitable.

110.    As described at length within the instant Complaint, Defendants knew or should have known of the chronic leaks, moisture, and humidity on the Subject Property which led to the growth of toxic mold and the spread of dangerous microbial contamination.

111.    At the time Plaintiffs took possession and throughout the period Plaintiffs remained on the property, but unbeknownst to Plaintiffs, the Subject Property was uninhabitable and unfit for human occupation due to construction defects and deficiencies, failing building components and systems, and improper and negligent, careless, and reckless maintenance and repair, all contributing to water and moisture intrusion, causing microbial/mycological contamination and infestation of the subject property, rendering the property unsafe for habitation and causing Plaintiffs severe economic and non-economic damage.

112.    Plaintiffs notified Defendants many times of the defective conditions throughout the period Plaintiffs lived on the property, but Defendants failed to investigate and/or correct, repair and/or remediate the conditions in a timely and proper manner (or at all).

113.    Plaintiffs upheld all of Plaintiffs duties as required under the Lease: for example, Plaintiffs regularly made timely rent payments.

114.    The Subject Property as it existed was uninhabitable and had no rental value whatsoever as it was the source of Plaintiffs' health problems, and directly and proximately caused the economic and non-economic damages Plaintiffs have suffered.

115.    As a proximate result of Defendants breach of the implied warranty of habitability, and failure to repair, maintain, or remediate the conditions on the property, Plaintiffs sustained damage and serious personal injuries, and well as a litany of other economic and non-economic damages as described in this Complaint and in an amount to be proven at trial.

<u>SEVENTH CAUSE OF ACTION</u>

**Breach of Implied Covenant of Quiet Use and Enjoyment**

**(By All Plaintiffs Against Defendants and Does 1-50)**

116.    Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

117.    Implied in the lease between Plaintiffs and Defendants. Was an implied covenant of quiet enjoyment by which Defendants, as landlord, impliedly promised Plaintiffs to not create conditions through acts or omissions, which would disturb Plaintiffs' possession and beneficial use and enjoyment of the premises for the purposes contemplated by the rental agreement.

118.    Defendants breached the implied covenant by failing to maintain an appropriately safe and secure living environment and residence which was habitable.

119.    As a proximate and legal result of Defendants' acts and omissions in breaching the implied covenant of quiet enjoyment, Plaintiffs have suffered economic and non-economic damages as described throughout this Complaint in an amount to be determined at trial, but which exceeds the jurisdictionally required minimum.

///

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

COMPLAINT
- 19 -

## EIGHTH CAUSE OF ACTION

### Rent Abatement

### (By All Plaintiffs Against All Defendants and Does 1-50)

120.    Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

121.    Defendants leased the Subject Property to Plaintiffs by written rental agreement (attached hereto as Exhibit 1 and incorporated herein by reference).

122.    Defendants leased the Subject Property to Plaintiffs for use as a residential property.

123.    Plaintiffs took possession of the premises and faithfully and promptly paid their rent and performed all other obligations imposed by the rental agreement.

124.    At the time the rental agreement was entered into, and throughout the period of occupancy of the Subject Property, Defendants knowingly caused and permitted substandard building, design, construction, maintenance, and repairs, as well as hazardous and unhealthy conditions, including microbial/mycological contamination in the Subject Property's living areas, as alleged herein, to exist within and about the Subject Property.

125.    Defendants at all relevant times knew of the conditions that existed in violation of numerous provisions of State and Local Housing Codes, including but not limited to the provisions of California Civil Code Section 1941, California State Building Standard Codes, UBC Standards, and OSHA Standards.

126.    Despite this knowledge and repeated requests by Plaintiffs for the property to be fixed, Defendants failed to do so, refused to do so, and/or actively concealed issues on the property and made surface-level cosmetic repairs that did not actually fix the issues on the Subject Property in violation of California Civil Code Section 1941, 1941.1, and numerous other state and local laws and regulations.

127.    Because of the above-stated conditions, the Subject Property leased by Plaintiffs was unsafe, unhealthy, substandard, untenantable, and uninhabitable. Defendants breached the warranty of habitability and warranty of quiet use and enjoyment to Plaintiffs.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

**COMPLAINT**
- 20 -

128.   Because of these issues, the fair rental value of the residence at all times mentioned in the Complaint was $0.00 per month.

129.   Because of the continued existence of these conditions, Plaintiffs were unable to remain in the Subject Property and were forced to vacate.

130.   Plaintiffs were completely unable to use the Subject Property due to its uninhabitability as a result of the conditions alleged herein.

131.   During the occupancy, Plaintiffs paid a total rent in the sum to be proven at trial on a per month basis.

132.   The total fair rental value of the premises during this period was no more than $0.00 and therefore Plaintiffs have been damaged in the sum to be proven at trial.

## NINTH CAUSE OF ACTION

### Fraud - Concealment

### (By All Plaintiffs Against All Defendants and Does 1-50)

133.   Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

134.   Defendants had a duty to Plaintiffs to assure that any representations affirmatively made to Plaintiffs regarding the Subject Property were true.

135.   Defendants' regional manager told Plaintiffs that no mold or microbial contamination existed on the Leased Property because Defendants' regional manager could not smell any mold.

136.   Defendants told Plaintiffs that they wanted to replace a window on the property, and instead underwent a massive series of repairs purportedly to fix the mold, moisture, and leaks. This demonstrated that Defendants knew of the mold issues, knew they had to fix the mold issues, but that they did not want to reveal to Plaintiffs the existence of the issues with the property or the risks the mold could pose for Plaintiffs' health.

137.   In making the intentional affirmative misrepresentations of material fact as described herein, even if Defendants believed them to be true at the time made, they made such statements and misrepresentations without any reasonable basis for believing them to be true and

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

1  should have known them to be false. Defendants had no reasonable grounds for believing their

2  representations to Plaintiffs were true at the time they made them.

3       138.   Defendants made the intentional affirmative misrepresentations and statements of

4  material fact about the Subject Property as described herein with the intent to induce Plaintiffs to

5  rely on them and with the intent to induce Plaintiffs to remain residing in the Subject Property and

6  continue to pay monthly rent.

7       139.   Plaintiffs reasonably and justifiably relied on Defendants misrepresentations to

8  Plaintiffs detriment, injury, and damage.

9       140.   Plaintiffs did not know of the concealed facts, and Defendants prevented Plaintiffs

10  from conducting their own investigation by intentionally representing that the conditions on the

11  property were habitable and were not dangerous.

12       141.   Had the concealed information been disclosed to Plaintiffs by Defendants,

13  Plaintiffs reasonably would have behaved differently: namely they would have moved away from

14  the Subject Property to avoid exposure to the toxic mold.

15       142.   As a direct and proximate result of such negligent misrepresentations by

16  Defendants, and Plaintiffs' reasonable reliance thereon, Plaintiffs remained residing and

17  occupying the Subject Property, which contained extensive damage and contamination and posed

18  a significant health risk to Plaintiffs. Plaintiffs justifiably believed no health risk existed based on

19  Defendants' affirmative representations, including but not limited to water leaks, moisture, and

20  microbial contamination from identified and/or unidentified sources. These conditions and the

21  above-described actions of Defendants has caused Plaintiffs significant economic and non-

22  economic damage in an amount according to proof at trial.

23  <u>**TENTH CAUSE OF ACTION**</u>

24  **Gross Negligence**

25  **(By All Plaintiffs Against All Defendants and Does 1-50)**

26       143.   Plaintiffs re-allege and incorporate herein and by reference each and every previous

27  and subsequent allegation as though fully set forth herein.

28

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

COMPLAINT
- 22 -

144.   At all relevant times herein, Defendants were owners, managers, and lessors of the Subject Property.

145.   Defendant failed to repair or fix dangerous conditions present on the Property, as described throughout this Complaint, to protect Defendants' tenants. Defendant even failed to fix these conditions after Defendant knew or should have known of the dangerous conditions and the presence of mold.

146.   Plaintiffs were tenants of Defendants pursuant to the written Lease agreement that both parties executed (attached hereto as Exhibit 1).

147.   Defendants failure to fix the leaks, humidity, and mold problems represents reckless disregard for the probability of harm to the tenants on the Subject Property.

148.   Plaintiffs have suffered severe harm as a proximate and legal result of Defendants' failure to maintain, repair, or remediate the issues on the Subject Property.

149.   At all relevant times Plaintiffs acted reasonably and fully complied with all Plaintiffs' obligations under the lease agreement.

150.   Defendants failure to act despite the fact that Defendants knew or should have known of the dangerous mold problem represents a serious departure from what a reasonable person, property owner, or property manager would do in similar circumstances.

## ELEVENTH CAUSE OF ACTION

### Premises Liability

### (By All Plaintiffs Against All Defendants and Does 1-50)

151.   Plaintiffs re-allege and incorporate herein and by reference each and every previous and subsequent allegation as though fully set forth herein.

152.   At all relevant times herein, Defendants were owners, managers, and lessors of the Subject Property.

153.   Defendant failed to repair or fix dangerous conditions present on the Property, as described throughout this Complaint, to protect Defendants' tenants. Defendant even failed to fix these conditions after Defendant knew or should have known of the dangerous conditions and the presence of toxic mold.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

154. Plaintiffs were tenants of Defendants pursuant to the written Lease agreement that both parties executed (attached hereto as Exhibit 1).

155. Defendants failure to fix the leaks, humidity, and mold problems represents reckless disregard for the probability of harm to the tenants on the Subject Property.

156. Plaintiffs have suffered severe harm as a proximate and legal result of Defendants' failure to maintain, repair, or remediate the issues on the Subject Property.

157. At all relevant times Plaintiffs acted reasonably and fully complied with all Plaintiffs' obligations under the lease agreement.

158. Defendants failure to act despite the fact that Defendants knew or should have known of the dangerous mold problem represents a serious departure from what a reasonable person, property owner, or property manager would do in similar circumstances.

## PRAYER

WHEREFORE, Plaintiffs request judgment against Defendants, and each of them, for the following:

1. For general damages in excess of this Court's minimum jurisdiction, according to proof;

2. Actual damages and attorneys' fees and costs pursuant to California Civil Code Section 1942.4, and as allowable by law;

3. For special damages according to proof;

4. For prejudgment interest as provided by law;

5. For costs of suit incurred herein;

6. For investigation costs, including *Stearman* damages;

7. For punitive and exemplary damages pursuant to California Civil Code Section 3294 and as allowed by law, according to proof;

8. For reasonable attorney fees pursuant to the lease agreement at issue in the instant case;

8. For any other and further relief the court considers just and proper.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

Dated: December 9, 2019                              WEBB LAW GROUP, APC

                                        By _____
                                            BROOKE B. NEVELS
                                            LENDEN F. WEBB
                                            Attorneys for Plaintiffs JOHN
                                            DOE, JANE DOE, JOHN DOE 1,
                                            and JOHN DOE 2.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated:
_____
Brooke B. Nevel for Plaintiffs

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

# EXHIBIT C

1  KRISTIN N. REYNA DEHART (SBN: 211075)
   kreyna@gordonrees.com
2  ROBERT J. OLSON (SBN: 279781)
   ROLSON@GORDONREES.COM
3  GORDON REES SCULLY MANSUKHANI LLP
   101 W. Broadway, Suite 2000
4  San Diego, CA 92101
   Telephone: (619) 230-7760
5  Facsimile: (619) 696-7124

6  Attorneys for Defendants
   CAMP PENDLETON & QUANTICO HOUSING, LLC; LPC PENDLETON QUANTICO
7  PM; LINCOLN MILITARY PROPERTY MANAGEMENT LP

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SAN DIEGO

11  JOHN DOE; JANE DOE; JOHN DOE 1, a      )  CASE NO.  37-2019-00066467-CU-PO-CTL
    Minor, By and Through His Guardian Ad  )
12  Litem, Jane Doe; JOHN DOE 2, a Minor, By )  **NOTICE OF REMOVAL OF ACTION**
    and Through His Guardian Ad Litem, Jane Doe; )  **UNDER 28 U.S.C. §§1331, 1441, 1442, 1446**
13                                          )
                                            )
14                Plaintiffs,               )
                                            )
15  vs.                                     )  **Judge:  Hon. Richard S. Whitney**
                                            )  **Dept.:    C-68**
16  CAMP PENDLETON & QUANTICO              )
    HOUSING, LLC; LPC PENDLETON            )  **Complaint Filed:  December 10, 2019**
17  QUANTICO PM; LINCOLN MILITARY          )
    PROPERTY MANAGEMENT, LP; and DOES      )
18  1 through 50, inclusive,               )
                                            )
19                Defendants.              )
                                            )
20                                          )
                                            )
21                                          )
   _____)

22       **TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF**

23  **SAN DIEGO:**

24       **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the

25  United States District Court for the Southern District of California on February 5, 2020,

26  effectuating the removal of this action.

27       A copy of the Notice of Removal and its attendant documentation, has been filed in the

28  United States District Court for the Southern District of California, and Notice to the Adverse

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-1-

1  Parties given per 28 U.S.C. section 1446(d).  Such notice, without the referenced attachments, is

2  attached hereto as Exhibit A.  Defendants request accordingly that this Court vacate all dates on

3  calendar and stay this matter unless and until it is remanded from Federal Court.

4  Dated:  February 5, 2020                     GORDON REES SCULLY MANSUKHANI

5

6                                              By: _____
                                                    KRISTIN N. REYNA DEHART
7                                                   ROBERT J. OLSON
                                                    ATTORNEYS FOR DEFENDANTS  CAMP
8                                                   PENDLETON & QUANTICO HOUSING,
                                                    LLC; LPC PENDLETON QUANTICO PM;
9                                                   LINCOLN MILITARY PROPERTY
                                                    MANAGEMENT LP
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-2-

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 101 W. Broadway, Suite 2000, San Diego, CA 92101. My email address is wdoolittle@grsm.com.  On October 18, 2019, I served the within documents:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1331, 1441, 1442, 1446**

☐ **PERSONAL SERVICE:**  By causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ **MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below.

☐ **FACSIMILE:**  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **ELECTRONIC TRANSMISSION:**  By transmitting a pdf.format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

☒ **OVERNIGHT:**  By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx (or other overnight service) as part of the ordinary business practices of GORDON REES SCULLY MANSUKHANI, LLP described below, addressed as follows:

| | |
|---|---|
| Lenden Webb<br>Brooke Nevels<br>WEBB LAW GROUP, APC<br>446 W. Fallbrooke Avenue, Ste. 102<br>Ph:  (559) 431-4888<br>Fx:  (559) 821-4500<br>Email:  lwebb@webblawgroup.com<br>bnevels@webblawgroup.com | **Attorneys for Plaintiffs**<br>JOHN DOE, an individual; JANE DOE, an individual; JOHN DOE 1, a minor, by and through his guardian ad litem, JANE DOE; JOHN DOE 2, a minor, by and through his guardian ad litem, JANE DOE |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

/ / /

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

1    I declare under penalty of perjury under the laws of the State of California that the above

2  is true and correct.  Executed on February 5, 2020, at San Diego, California.

3

4                                                                      _____
                                                                        Woody Doolittle

5

6

7

8

9

10

11

**Gordon & Rees LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1204805/49840692v.1

PROOF OF SERVICE