UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE; JANE DOE; JOHN DOE 1, a minor, by and through his guardian ad litem JANE DOE; and JOHN DOE 2, a minor, by and through his guardian ad litem JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN MILITARY PROPERTY MANAGEMENT LP; SAN DIEGO FAMILY HOUSING, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-00224-GPC-AHG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING PETITION TO APPROVE COMPROMISE OF MINORS' CLAIMS**<br><br>**[ECF No. 55]** |

On July 22, 2020, Plaintiffs John Doe, Jane Doe, John Doe 1, and John Doe 2 ("Plaintiffs") filed an *ex parte* Petition to Approve Compromise of Minors' Claims ("Petition"). ECF No. 49. Defendants San Diego Family Housing LLC and Lincoln Military Property LP ("Defendants") did not oppose. ECF No. 50. On August 19, 2020, following a fairness hearing held by Magistrate Judge Goddard, Plaintiffs filed a Supplemental Brief in Support of the Petition ("Supplemental Brief"). ECF Nos. 52, 54. On September 18, 2020, Magistrate Judge Goddard issued a Report and

1

Recommendation ("R&R") approving the Petition as amended by the Supplemental Brief, with certain modifications. ECF No. 55. The parties jointly moved to waive objections to the R&R, which the court granted. ECF Nos. 56, 57. Based on the reasoning below, the Court **ADOPTS** the R&R and **GRANTS** the Petition as amended by the Supplemental Brief, subject to the alterations set forth in the R&R.

## Background

Plaintiffs John Doe and Jane Doe, along with their children John Doe 1 and John Doe 2 ("minor Plaintiffs"), minors appearing by and through their mother and guardian ad litem Jane Doe, bring this action for injuries arising from conditions at a property ("Property") they resided in at all times relevant to the complaint. ECF No. 39 ¶¶1–4, 13. Plaintiffs leased the Property through a lease agreement with Defendants, at which time John Doe 1 was 5-6 years old and John Doe 2 was 11-19 months old. ECF No. 49-1 ¶¶ 2–4. About two weeks after moving into the Property, Jane Doe first noticed the presence of black mold. *Id.* ¶ 5. At the same time, minor Plaintiffs allegedly "began exhibiting severe symptoms, including wet coughs, eye infections, sinus infections, lethargy, and shortness of breath," and were subsequently taken to the emergency room on three occasions. *Id.* ¶¶ 6, 8. On September 6, 2019, Plaintiffs were required to vacate the Property while a mold-related repair was completed and were relocated to a hotel. *Id.* ¶ 7. Plaintiffs were then moved to a second hotel, where they allege they were exposed to "extreme cleaning chemicals, causing [minor Plaintiffs] to contract severe rashes." *Id.* ¶¶ 7–8. Plaintiffs allege that John Doe 1 missed over four weeks of school and eventually withdrew, and that the "toxic mold exposure further exacerbated [his] autism, regressing his behavioral and speech therapy progress as a result." *Id.* ¶ 9. Plaintiffs claim that Defendants are "responsible for Plaintiffs' exposure to black mold and other toxic chemicals which negatively impacted the health and well-being of Plaintiffs." *Id.* ¶ 11.

Plaintiffs agreed with Defendants to settle minor Plaintiffs' claims against Defendants. As laid out in their initial Petition, Plaintiffs agreed that 52% of the $67,500

settlement fund total, or $35,380.88, would be distributed to John Doe 1, and that 3% of the settlement funds, or $2,079.14, would be distributed to John Doe 2. *Id.* ¶ 14. The Petition also provided that all Plaintiffs, including minor Plaintiffs, would pay 37% of his or her gross settlement funds for attorney fees, and each Plaintiff would pay one quarter of the $966.84 in costs, or $241.71. *Id.* ¶¶ 15–16. John Doe 1 would thus receive a net total of $22,048.24 and John Doe 2 would receive a net total of $1,068.15. *Id.* ¶ 17. Plaintiffs' counsel requested that the net settlement proceeds for minor Plaintiffs be placed in control of their parents and legal guardians John Doe and Jane Doe. *Id.* ¶ 18.

On August 5, 2020, Magistrate Judge Goddard held a fairness hearing on the Petition, and ordered Plaintiffs to file supplemental briefing to the Petition regarding their proposed method of disbursement of the minor Plaintiffs' settlement proceeds that complied with California Probate Code §§ 3600 *et seq.* ECF Nos. 52, 53. On August 19, 2020, Plaintiffs filed the Supplemental Brief. ECF No. 54. The Supplemental Brief provided four alternatives for the disbursement of the proceeds to minor Plaintiffs, in order of Plaintiffs' preference.[1] After considering the options, Magistrate Judge Goddard recommended the Court adopt Option 1 as follows:

**Total Settlement Proceeds:** $67,500

- **Gross settlement amount for John Doe and Jane Doe, collectively:** $30,375 (45%)
- **Gross settlement amount for John Doe 1:** $35,100 (52%)
- **Gross settlement amount for John Doe 2:** $2,025 (3%)

**Total Attorneys Fees**: $20,520 (37% of the adult Plaintiffs' gross settlement amount ($11,238.75) + 25% of John Doe 1's gross settlement amount ($8,775) + 25% of John Doe 2's gross settlement amount ($506.25))

---

[1] The R&R noted a number of mathematical errors and inconsistencies in Plaintiffs' Petition and Supplemental Brief. *See* R&R at 4 n.1, 5 n.2, 6 n.3, 11 n.6, 18–19. The Court agrees with the R&R's resolution of these issues.

**Total Litigation Costs**: $966.84 (split four ways among Plaintiffs, for a reduction of $241.71 from each Plaintiff's gross settlement proceeds)

**Amount to be reimbursed to Jane Doe for medical expenses paid for the benefit of John Doe 1**: $6,290.00 (to be taken from John Doe 1's gross settlement amount in accordance with California Probate Code § 3601(a))

**Total Net Settlement Proceeds to Plaintiffs:** $39,723.16

- **Net settlement proceeds to be disbursed to John Doe and Jane Doe:** $18,652.83 (not including the $6,290.00 to be reimbursed to Jane Doe)
- **Net settlement proceeds to be disbursed to John Doe 1:** $19,793.29
- **Net settlement proceeds to be disbursed to John Doe 2:** $1,277.04

Magistrate Judge Goddard further recommended that the minor Plaintiffs' net settlement proceeds be disbursed to their mother Jane Doe in accordance with California Probate Code §§ 3611(d) and (e). R&R at 7.

## Discussion

The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

District courts have a special duty to safeguard the interests of litigants who are minors in the context of proposed settlements. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c). "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the

settlement has been recommended or negotiated by the minor's parent or guardian ad litem."). Civil Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a).

In considering the fairness of a minor's state law settlement, "federal courts generally require that claims by minors . . . be settled in accordance with applicable state law." *See* Phillips & Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Ed. 2020); *see also A.M.L. v. Cernaianu*, No. LACV1206082JAKRZX, 2014 WL 12588992, at *2–3 (C.D. Cal. Apr. 1, 2014). In cases involving the settlement of a minor's federal claims, the Ninth Circuit has stated that district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This inquiry should be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* District courts disagree as to whether the *Robidoux* standard applies to proposed settlements of state law claims, but the Court need not decide whether *Robidoux* controls if the settlement meets both federal and state standards. *See A.M.L.*, 2014 WL 12588992, at *3.

Based on a review of the petition, the R&R, and the applicable law, the Court agrees with the Magistrate Judge that the terms of the settlement are fair and reasonable as to minor Plaintiffs. John Doe 1's exposure to the mold allegedly exacerbated his autism, regressing his behavioral and speech therapy progress, and caused him to miss a significant amount of school. As Magistrate Judge Goddard found, John Doe 1's

5

proposed settlement amount is comparable to the amount plaintiffs recovered in similar cases. R&R at 11–12. Plaintiffs alleged that John Doe 2 exhibited symptoms following exposure to the mold, contracted a rash as a result of their hotel stay, and was taken to the emergency room, but did not allege he experienced any specific lasting health effects nor, given his age, any affect on his schooling. The Court therefore agrees with Magistrate Judge Goddard that the relatively small distribution to John Doe 2 is fair and reasonable in light of his injuries. *Id.* at 10–11. Additionally, the Court agrees with the R&R and finds the proposal comports with applicable California law regarding minors' settlements. Reimbursement of a minor's medical expenses to a parent is permissible under the California Probate Code, Cal. Prob. Code § 3601, and thus the $6,290 set aside from John Doe 1's settlement proceeds to reimburse Jane Doe for his past medical expenses is appropriate.

Further, the provision of attorneys' fees and costs as set forth in the proposed settlement comports with California law. In California, courts are required to approve the attorneys' fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601. Fees in minors' cases historically have been limited to 25% of the gross recovery. *See Napier by & through Quiroz v. San Diego Cty.*, No. 3:15-cv00581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017). To determine whether the fee is reasonable, courts consider a myriad of factors including the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b). In the settlement proposal as set forth in the R&R, minor Plaintiffs are to pay $241.71 in litigation costs for filing, service, printing, and other hard costs and 25% of their gross settlement amounts in attorneys' fees. As the R&R noted, the attorneys' fee rate is significantly lower than the rate agreed upon in counsel's contract with Plaintiffs, and the costs are relatively minimal. R&R at 14–15. Considering the factors above, the Court finds that the requested amount of attorneys' fees and costs is reasonable.

Finally, the Court finds the proposed method of disbursement to be reasonable and in accordance with California law. The California Probate Code lists statutorily approved methods of disbursement. Cal. Prob. Code § 3611. Magistrate Judge Goddard properly found that John Doe 2's settlement proceeds, being less than $5,000, can be disbursed to his mother Jane Doe to be held in trust for him until he reaches the age of majority if (1) the total estate of the minor, including the money to be paid to the parent, does not exceed $5,000 in value; and (2) the parent to whom the money is to be paid or delivered gives the person making the payment or delivery written assurance, verified by the oath of such parent, that the total estate of the minor, including the money to be paid to the parent, does not exceed $5,000 in value. Cal. Prob. Code § 3401; § 3611(e). Adjusting the proposed settlement outlined in Option 1 of the Supplemental Brief to correct mathematical errors, the proposed method of disbursement of John Doe 1's net settlement proceeds is also permissible under the California Probate Code. "[T]he remaining balance of the money to be paid or delivered" to John Doe 1, at $19,793.29, does not exceed $20,000, and accordingly can be "held on any other conditions the court in its discretion determines to be in the best interest of the minor." Cal. Prob. Code § 3611(d); R&R at 18–19. The Court agrees with Magistrate Judge Goddard that disbursement of the proceeds to Jane Doe would be in the minor's best interests, given that this method of disbursement would best allow the family to access funds needed to pay the significant out-of-pocket medical expenses related to John Doe 1's autism spectrum disorder. ECF No. 54-2, Jane Doe Decl. ¶¶ 2–3, 6–8; R&R at 19–20.

## Conclusion

Therefore, finding that the net recovery for minor Plaintiffs John Doe 1 and John Doe 2 to be fair and reasonable in light of their claim and in accordance with California law, the Court **ADOPTS** the R&R and **APPROVES** the settlement proposed in Option 1 of the Supplemental Brief, as modified by the R&R. Accordingly, the Court **ORDERS** that the settlement of the action of minors John Doe 1 and John Doe 2 against Defendants

San Diego Family Housing LLC and Lincoln Military Property Management LP shall be distributed as follows:

1. **John Doe 1**: gross settlement amount of $35,100, less $8,775 in attorneys' fees, $241.71 in litigation costs, and $6,290 to be reimbursed to Jane Doe for past medical expenses, for a net recovery of $19,793.29, shall be distributed to Jane Doe to use solely for John Doe 1's benefit pursuant to Cal. Prob. Code § 3611(d); and

2. **John Doe 2**: gross settlement amount of $2,025, less $506.25 in attorneys' fees and $241.71 in litigation costs, for a net recovery of $1,277.04, shall be distributed to Jane Doe to be held in trust for the minor pursuant to Cal. Prob. Code § 3611(e), provided that Jane Doe first comply with the requirements of Cal. Prob. Code § 3401(c)(2) by providing written assurance that the minor's total estate does not exceed $5,000 in value.

The Court further **ORDERS** that Plaintiffs file with the Court a copy of Jane Doe's written assurance required by Cal. Prob. Code § 3401(c)(2).

**IT IS SO ORDERED.**

Dated:  September 30, 2020

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge